EDMUND CASMIR PURWIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Purwin v. Commissioner
Docket No. 28668-88
United States Tax Court
T.C. Memo 1991-322; 1991 Tax Ct. Memo LEXIS 371; 62 T.C.M. (CCH) 131; T.C.M. (RIA) 91322; July 15, 1991, Filed *371 Decision will be entered under Rule 155. Edmund Casmir Purwin, pro se. Robert E. Williams, Jr., for the respondent. DAWSON, Judge. GOLDBERG, Special Trial Judge. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) of the Internal Revenue Code and Rule 180 et seq. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE Respondent determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
1983
$ 15,320.00
$ 3,830.00
$ 766.00
*
$ 938.00
1984
$ 13,916.00
$ 3,479.00
$ 695.80
*
$ 877.00
1985
$  1,118.00
$   279.50
$  55.90
*
$  64.00
*372 In the notice of deficiency respondent determined, and petitioner now concedes, that petitioner received self-employment income in the amounts of $ 44,855, $ 40,746, and $ 6,401 in 1983, 1984, and 1985, respectively. At trial, respondent conceded that petitioner was entitled to deduct business expenses totaling $ 11,081.63 in 1983 and $ 43,650.68 in 1984. At trial, respondent claimed that petitioner received income of $ 2,984.99 in 1983 and $ 16,162.36 in 1984, in addition to the amounts determined in the notice of deficiency. After the trial and pursuant to the Court's order, respondent filed an amended answer to include the alleged additional amounts. Respondent's determinations in the notice of deficiency, including the additions to tax, are presumed correct. Petitioner has the burden of proving otherwise. Rule 142(a). However, respondent has the burden of proving the additional amounts of alleged income at trial and in his amended answer. Rule 142(a). In his brief respondent conceded that he has not met his burden of proof with respect to $ 895 of the additional income alleged for 1983, and $ 7,272.36 of the additional income alleged for 1984. Therefore, the issues *373 remaining for decision are (1) whether petitioner received income of $ 2,089.99 in excess of the $ 44,855 he admits receiving in 1983; (2) whether petitioner received income of $ 8,890 in excess of the $ 40,746 he admits receiving in 1984; (3) whether petitioner is entitled to deduct business expenses for 1983 in excess of the $ 11,081.63 conceded by respondent; (4) whether petitioner is entitled to deduct business expenses for 1984 in excess of the $ 43,650.68 conceded by respondent; (5) whether petitioner is entitled to deduct business expenses for 1985; (6) whether petitioner is liable for an addition to tax pursuant to section 6651(a)(1) for 1983, 1984, and 1985; (7) whether petitioner is liable for additions to tax pursuant to section 6653(a) for 1983, 1984, and 1985; and (8) whether petitioner is liable for additions to tax pursuant to section 6654(a) for 1983, 1984, and 1985. For convenience, our findings of fact and opinion are combined in this case. The issues will be discussed in the order in which they are listed above. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner *374 resided in Baltimore, Maryland, when he filed his petition. Petitioner emigrated from Poland to the United States in 1965, and since then has become an American citizen. From 1978 through 1985, he worked as a self-employed home remodeler. During 1983, 1984, and 1985, petitioner worked as an independent contractor for the Maryland Prime-O-Sash Corp. (Prime-O-Sash), for which he was paid $ 44,855.94, $ 31,212.45, and $ 225, respectively. Prime-O-Sash issued petitioner Forms 1099-Misc. for 1983 and 1984. Although the company did not issue him a Form 1099-Misc. for 1985, its payroll records reflect the $ 225 paid to petitioner during that year. During 1984 and 1985, petitioner also worked as an independent contractor for Replacement Products Industries Corp. (Replacement Products), and earned $ 9,533.67 and $ 6,401.24, respectively, for his services. Replacement Products issued petitioner Forms 1099-Misc. reflecting these amounts for 1984 and 1985. The amounts petitioner was paid by Prime-O-Sash and Replacement Products comprise the entire determinations made by respondent in the notice of deficiency for 1983, 1984, and 1985. Petitioner did not file a Federal income tax return *375 for any of those years. The parties have stipulated that during the years in issue petitioner's correct filing status was married filing a separate return with one exemption. Issues 1 and 2. Additional Income
At trial, petitioner admitted that during 1983 and 1984 he earned income in addition to the amounts paid to him by Prime-O-Sash and Replacement Products. Petitioner earned the extra amounts primarily through tips and performing some extra remodeling jobs for friends and other customers. Gross income under section 61 means all income from whatever source derived, unless excluded by law. Respondent contends that in 1983 petitioner received $ 2,089.99 of income in addition to the $ 44,855 he admits to receiving from Prime-O-Sash. Based upon the record, we find that respondent has met his burden of proving that petitioner received this additional income in 1983. Petitioner admits that during 1983 he received one-half of a $ 140 tip given to him and another worker by a Mr. Juhasz. He also admits receiving $ 180 from a Ms. Duckett, and a total of $ 1,700 from a Nuchym Bluzer for extra remodeling work he performed. These amounts clearly constitute income to petitioner. *376 Petitioner also received a check from a Mr. Wapinski for $ 139.99 in 1983. Mr. Wapinski is a home improvement contractor for whom petitioner often purchased remodeling supplies at wholesale prices. Mr. Wapinski would then reimburse petitioner for the actual cost of the supplies. Petitioner contends that the $ 139.99 received from Mr. Wapinski in 1983 was for a countertop petitioner purchased at Countertops and Vanities. We find that petitioner often purchased wholesale supplies as a favor to Mr. Wapinski. Ordinarily, such an arrangement would not result in taxable income to petitioner. However, petitioner admits that the cost of the countertop purchased for Mr. Wapinski in 1983 was included as part of the cost of other materials he purchased from Countertops and Vanities for his own business. As the costs of such supplies are included as part of the $ 11,081.63 respondent concedes petitioner is entitled to as a business deduction in 1983, we find that the $ 139.99 constitutes income to petitioner. Respondent alleges that in 1984 petitioner received income of $ 8,890 in addition to the total $ 40,746 he admits receiving from Prime-O-Sash and Replacement Products. Again, we *377 find that respondent has met his burden of proving that petitioner received this entire amount of additional income during 1984. Petitioner admits that in 1984 he received a total of $ 1,250 from a Mr. and Mrs. Dominia for remodeling their kitchen. He also admits to receiving $ 2,950 from a Mr. McClosky for cabinet work and $ 525.54 from a Mr. Budzko for remodeling work. In addition, petitioner admits that he received $ 250 from a Dr. Pacholsczyk either for remodeling work or for the sale of a camera. As above, these amounts clearly constitute income to petitioner. In addition to the above amounts, petitioner believes that he received a total of $ 2,596.51 for remodeling jobs or the sale of remodeling supplies. Petitioner has offered no other explanation for the $ 2,596.51, and the individual checks indicate that they were in remittance for such work or sales. For example, a notation on the bottom left-hand corner of a $ 625 check made payable to petitioner by a Mr. and Mrs. Deitrich indicates that the payment was for the remodeling of a bathroom. Other checks bear similar notations. Petitioner also received a total of $ 975 from Mr. Wapinski in 1984. As in 1983, these checks *378 represent amounts reimbursed to petitioner for purchasing wholesale remodeling supplies. For the same reasons discussed above, we find that the $ 975 is income to petitioner. Lastly, petitioner received $ 342.95 from Leonard Plumbing Supply in 1984 as a partial refund for previously purchased plumbing supplies. The original purchase price of the supplies which included the $ 342.95 was $ 824.09. Petitioner claims the entire $ 824.09 as a business expense deduction. Therefore, the refund of $ 342.95 is income to him in 1984. Issues 3, 4, and 5. Business Expenses
Prior to trial, respondent conceded that petitioner is entitled to deduct ordinary and necessary business expenses totaling $ 11,081.63 in 1983 and $ 43,650.68 in 1984. Petitioner contends that he is entitled to deduct an additional $ 2,085.37 for 1983, $ 4,658.48 for 1984, as well as an unspecified amount of expenses for 1985. Deductions are strictly a matter of legislative grace, and a taxpayer has the burden of establishing that he is entitled to any deduction claimed. Deputy v. Du Pont, 308 U.S. 488, 493, 60 S. Ct. 363, 84 L. Ed. 416 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934); *379 Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933). Rule 142(a). Section 162(a) allows a deduction for ordinary and necessary business expenses paid during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation and for traveling expenses. Generally, taxpayers are required to substantiate claimed deductions and credits by maintaining some type of records. See sec. 1.6001-1(c), Income Tax Regs.
For 1983, petitioner contends that he paid approximately $ 320-$ 340 for automobile insurance on each of two vans he used in his business. Petitioner owned two other vehicles for personal use. Petitioner presented four checks made payable to GEICO totaling $ 359.24. However, it is unclear from the cancelled checks and from petitioner's own testimony whether these checks were for insurance on the business vans or the personal vehicles. This is the type of information that petitioner could have readily obtained from his insurance company prior to trial. Therefore, we hold that petitioner is not entitled to deduct the $ 359.24 paid for insurance during 1983. Petitioner has also presented checks totaling *380 $ 231.13 for towing and repairs made to his vehicles in 1983. Again, as with the checks for his insurance, petitioner's testimony regarding these items is vague and contradictory. In short, petitioner is unable to recall what exactly the payments represent and has no other records to substantiate that the entire amount was for business purposes. Therefore, petitioner is not entitled to deduct the $ 231.13 for towing and repairs. Petitioner has also presented several checks totaling $ 745 which represent payments made to his credit card companies. Petitioner maintains that these cards were used primarily in his remodeling business. However, he concedes the possibility that a portion of the payments could have been for personal items. Accordingly, we are unable to find that petitioner is entitled to any portion of the $ 745. Petitioner contends that he incurred local travel expenses between his home in Baltimore and his work sites which were primarily in the Washington, D.C., area during 1983. He has not presented any records or evidence which provides substantiation of such expenditures. We hold on this record that he is not entitled to deduct any travel expenses. Based on *381 the foregoing, we find that petitioner has not adequately substantiated any portion of the disputed $ 2,085.37 for 1983. Therefore, we hold that petitioner is not entitled to a deduction for business expenses in 1983 greater than the $ 11,081.63 conceded by respondent. For 1984, almost all but one of the cancelled checks presented by petitioner are made payable to "cash," "Edmund Purwin," or a third party with a notation that it was being written for cash. Petitioner contends that he used the cash to purchase business supplies and pay wages. Petitioner does not have any other records to corroborate the nature of these checks. The only check not written for cash was made payable to "Tarzan Auto Parts." Again, there is nothing in the record to corroborate petitioner's testimony that this amount was not spent for personal use. Therefore, we find that petitioner has not adequately substantiated any portion of the disputed $ 4,658.48. Accordingly, we hold that petitioner is not entitled to a business deduction greater than the $ 43,650.68 conceded by respondent for 1984. Finally, petitioner has presented no evidence other than his own testimony with regard to expenses paid during *382 1985. Petitioner has offered no receipts, cancelled checks, or other documentation for the year. Therefore, we hold that petitioner is not entitled to deduct any business expenses for 1985. Issue 6. Section 6651(a)(1) Additions to Tax
Respondent determined that petitioner is liable for additions to tax pursuant to Section 6651(a)(1) for 1983, 1984, and 1985. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Petitioner admits that he did not file Federal income tax returns for 1983, 1984, and 1985. Petitioner contends that he did not file returns for those years because he believed that he did not make a profit from his home improvements business. However, section 6012 generally requires taxpayers to file a Federal income tax return when their gross income for the taxable year equals or exceeds their exemption amount, with limited exceptions. Petitioner has not established that he falls outside the requirements of section 6012. Nor has he shown that his failure to file was due to reasonable cause and not due to willful neglect. Therefore, *383 we sustain respondent's determination of the additions to tax pursuant to section 6651(a)(1) for 1983, 1984, and 1985. Issue 7. Section 6653(a) Additions to Tax
Respondent also determined additions to tax under section 6653(a) for negligence or intentional disregard of rules or regulations for 1983, 1984, and 1985. Petitioner failed to keep adequate records of his income and expenses for the years in issue as required by section 6001. Petitioner testified that he kept records at the time the income was earned and the expenses were paid, but cannot explain what subsequently became of them. Nor can petitioner adequately explain the circumstance surrounding the existing records. Furthermore, petitioner failed to file returns for the years in issue and also failed to make any estimated tax payments for those year. Therefore, we sustain respondent's determination of the additions to tax pursuant to section 6653(a) for 1983, 1984, and 1985. Issue 8. Section 6654(a) Additions to Tax
Respondent also determined that petitioner is liable for additions to tax pursuant to section 6654(a) for 1983, 1984, and 1985. Section 6654(a) imposes an addition to tax for any under payment *384 of estimated tax by an individual. Where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year do not equal the percentage of total liability required under the statute, imposition of the additions is generally mandatory, unless the taxpayer shows that one of several statutory exemptions applies. Sec. 6654; Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Here petitioner has made no such showing, and, therefore, is liable for the additions to tax as determined by respondent. To reflect concessions made by the parties and our conclusions with respect to the disputed issues, Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩